# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOSH RAM, | Case No. 1:21-cv-01520-JLT-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO COMPEL DISCOVERY AND MOTION FOR DEPOSITION |
| v. | |
| WARDEN, | (ECF Nos. 15, 17) |
| Respondent. | |

Petitioner Santosh Ram is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary proceeding.

The undersigned previously issued findings and recommendation recommending that Respondent's motion to dismiss (based on exhaustion grounds) be denied and the petition be denied on the merits. (ECF No. 12.) The Court received Petitioner's objections to the findings and recommendation, which indicated that Petitioner never received a copy of Respondent's response to the petition. (ECF No. 13 at 1.)[1] Therefore, the Court vacated the findings and recommendation and ordered Petitioner to file a response to Respondent's motion to dismiss. (ECF No. 14.)

Petitioner now moves to compel discovery and for a deposition of an ex-disciplinary hearing officer. (ECF Nos. 15, 17.) Respondent has filed an opposition. (ECF No. 20.) Petitioner

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

has not filed a reply, and the time for doing so has passed. Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts,[2] it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course."); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Habeas Rule 6(a). Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If good cause is shown, the extent and scope of discovery is within the Court's discretion. See Habeas Rule 6(a).

In the instant case, Petitioner challenges a prison disciplinary proceeding in which he was found to have committed assault. The incident allegedly occurred when officers were escorting Petitioner to a new cell. (ECF No. 1.) Petitioner requests production of CCTV video footage of the incident and a deposition of an ex-disciplinary hearing officer who was originally assigned to Petitioner's disciplinary proceeding, allegedly postponed Petitioner's hearing because he did not want to find Petitioner guilty due to lack of evidence, and eventually was coerced to resign. (ECF Nos. 15, 17.) Petitioner contends that the requested evidence will establish his innocence, the bias of the disciplinary hearing officer, the unfairness of the proceedings, and the officers' retaliation and conspiracy. (ECF No. 17 at 2.)

In the opposition, Respondent emphasizes that "[i]nmates are not entitled to the same evidentiary standards in disciplinary hearings that are afforded to defendants in criminal proceedings" and that "[i]n order to satisfy the requirements of due process, the record must only include 'some evidence' which supports the prison's disciplinary decision." (ECF No. 20 at 3 (citing Serrano v. Francis, 345 F.3d 1071, 1077–78 (9th Cir. 2003); and Superintendent v. Hill, 472 U.S. 445 (1984)).) Respondent argues that "the video evidence was superfluous to the victim-witness and the eye-witness accounts. To the extent it was even relied upon, DHO

---

[2] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254.

Trimpey — very significantly in his detailed description of the content of the video[3] — recounted that the video evidence was consistent with other evidence, specifically crediting the victim-witness (Firanski)." (ECF No. 20 at 5 (footnote added).) Respondent also indicates that "BOP does not possess the video."[4] (Id. at 6.)

The Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Hill, 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that *could* support the conclusion . . . ." Id. at 455–56 (emphasis added). "This test is 'minimally stringent.'" Castro v. Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013) (quoting Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994)). Given the description of the video in the existing record, and as the disciplinary hearing officer relied on other evidence in addition to the CCTV video in his decision,[5] (ECF No. 11-1 at 36), Petitioner has not established that if the facts are fully developed, he may be able to demonstrate that he is entitled to relief. As good cause has not been shown, Petitioner is not entitled to discovery.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to compel discovery (ECF No. 15) and motion for deposition (ECF No. 17) are DENIED.
IT IS SO ORDERED.

Dated: __September 16, 2022__            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] The DHO report stated in pertinent part that the DHO relied on, *inter alia*, "the review of CCTV showing [Petitioner] walking towards the BF Entry Door where [he] turn[s] around towards the escorting officers striking Sgt. Firanski in the chest." (ECF No. 11-1 at 36.)

[4] The incident occurred at Great Plains Correctional Facility, "which was then a privately owned and operated BOP contract facility." (ECF No. 20 at 1 n.1.) On January 26, 2021, President Biden signed an executive order eliminating the use of privately operated criminal detention facilities, and Great Plains Correctional Facility was closed effective May 31, 2021. (Id.).

[5] The DHO also relied on "the nine still photographs of the inmate and staff involved," the incident report written by Firanski, and Petitioner's statement that he did not intentionally assault the staff members but it may have been done accidentally in finding that Petitioner committed the acts as charged. (ECF No. 11-1 at 36.)