# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOSH RAM,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 1:21-cv-01520-JLT-EPG-HC<br><br>ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner Santosh Ram is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.
## BACKGROUND

On October 14, 2021, Petitioner filed a federal petition for writ of habeas corpus challenging a prison disciplinary proceeding on various due process grounds. (ECF No. 1). At the time the petition was filed, Petitioner was in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California. (Id. at 1.)[1]

On January 20, 2022, Respondent filed a motion to dismiss the petition for nonexhaustion in addition to arguing that the petition should be denied on the merits. (ECF No. 11.)  No opposition or statement of nonopposition was filed, and the undersigned issued findings and

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

1   recommendation recommending that the motion to dismiss be denied and the petition be denied.
2   (ECF No. 12.) On May 6, 2022, the Court received Petitioner's objections to the findings and
3   recommendation, which indicated that Petitioner never received a copy of Respondent's response
4   to the petition. (ECF No. 13 at 1.) Accordingly, the Court vacated the findings and
5   recommendation and set a new briefing schedule. (ECF No. 14.)

      Subsequently, Petitioner moved to compel discovery. (ECF Nos. 15, 17.) On September 16, 2022, the undersigned denied Petitioner's discovery requests. (ECF No. 21.) Petitioner then moved for reconsideration. (ECF No. 23.) Respondent's response to the motion for reconsideration is due November 21, 2022. (ECF No. 23.)

      On November 14, 2022, the Court received Petitioner's notice of change of address, which states that Petitioner "was released from BOP custody and handed over . . . to ICE for deportation to India" and is currently housed at the Florence Correctional Center in Arizona. (ECF No. 25.) That same day, Petitioner also filed a motion for ECF account because he will need an electronic filing account "after his deportation to India to proceed on this case pro se." (ECF No. 24.) Petitioner argues that his release "from BOP custody has not made his petition moot since any civil action would partially depend on the success of the petition." (Id.)

## II.

## DISCUSSION

      The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

      Once a "convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—

1  must exist if the [habeas] suit is to be maintained." Spencer, 523 U.S. at 7. Although courts
2  "have been willing to presume that a wrongful criminal conviction has continuing collateral
3  consequences," id. at 8, the Ninth Circuit has "decline[d] to apply the presumption of collateral
4  consequences to prison disciplinary proceedings," Wilson v. Terhune, 319 F.3d 477, 481 (9th
5  Cir. 2003).

6　　　The Court finds Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), instructive. In
7  Nonnette, a prisoner brought a § 1983 action challenging a disciplinary proceeding that resulted
8  in administrative segregation and revocation of good-time credits. The district court found that
9  based on Heck v. Humphrey, 512 U.S. 477 (1994), the prisoner could not maintain his § 1983
10 action because his claims necessarily challenged the validity of the disciplinary proceeding,
11 which had not been overturned. Nonnette, 316 F.3d at 874. While his appeal was pending, the
12 prisoner was released from incarceration and placed on parole. Given that no collateral
13 consequences attended the prisoner's revocation of credits, the Ninth Circuit held that if the
14 prisoner "now filed a petition for habeas corpus attacking the revocation of his good-time credits
15 and the imposition of administrative segregation . . . , his petition would have to be dismissed for
16 lack of a case or controversy because he has fully served the period of incarceration that he is
17 attacking," and thus "conclude[d] that Heck does not preclude Nonnette's § 1983 action." Id. at
18 876, 877.

19　　Based on the foregoing, it appears that the petition presents no case or controversy and is
20 now moot because Petitioner has been released from BOP custody and fully served the period of
21 incarceration that he is attacking.

22                                           **III.**
23                                         **ORDER**

24　　Petitioner is hereby ORDERED to SHOW CAUSE within **THIRTY (30) days** from the
25 date of service of this order why the petition should not be dismissed as moot. Petitioner should
26 also address whether conversion to a 42 U.S.C. § 1983 civil rights action would be appropriate if
27 the Court finds that the habeas petition is moot. Respondent may file a reply to Petitioner's
28 response within fourteen (14) days from the date Petitioner's response is filed in CM/ECF.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: __**November 16, 2022**__     /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE