1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOSH RAM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | Case No. 1:21-cv-01520-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS MOOT, DENY RESPONDENT'S MOTION TO DISMISS AS MOOT, DENY PETITIONER'S MOTION FOR RECONSIDERATION AS MOOT, DENY PETITIONER'S MOTION TO SUPPLEMENT AS MOOT, AND DENY PETITIONER'S MOTION TO CONVERT<br><br>(ECF Nos. 11, 22, 29, 36)<br><br>ORDER VACATING ORDER FOR RESPONDENT TO FILE RESPONSE TO MOTION FOR RECONSIDERATION, DENYING PETITIONER'S MOTION FOR ECF ACCOUNT, DENYING RESPONDENT'S MOTION TO STAY AS MOOT<br><br>(ECF Nos. 23, 24, 37) |

Petitioner Santosh Ram is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On October 14, 2021, Petitioner filed a federal petition for writ of habeas corpus challenging a prison disciplinary proceeding on various due process grounds. (ECF No. 1.) At

the time the petition was filed, Petitioner was in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California ("FCI Mendota"). (Id. at 1.)[1] The incident in question, however, occurred while Petitioner was housed at the Great Plains Correctional Facility.[2]

On January 20, 2022, Respondent filed a motion to dismiss the petition for nonexhaustion in addition to arguing that the petition should be denied on the merits. (ECF No. 11.) No opposition or statement of nonopposition was filed, and the undersigned issued findings and recommendation recommending that the motion to dismiss be denied and the petition be denied. (ECF No. 12.) On May 6, 2022, the Court received Petitioner's objections to the findings and recommendation, which indicated that Petitioner never received a copy of Respondent's response to the petition. (ECF No. 13 at 1.) Accordingly, the Court vacated the findings and recommendation and set a new briefing schedule. (ECF No. 14.)

On November 14, 2022, the Court received Petitioner's notice of change of address, which stated that Petitioner "was released from BOP custody and handed over . . . to ICE for deportation to India" and is currently housed at the Florence Correctional Center in Arizona. (ECF No. 25.) The Court ordered Petitioner to show cause why the petition should not be dismissed as moot. (ECF No. 26.) Petitioner filed a response. (ECF No. 34.)

**II.**

**DISCUSSION**

**A.  Mootness**

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.
[2] Great Plains Correctional Facility was a privately owned and operated contract facility that was closed effective May 31, 2021. (ECF No. 11-1 at 23.)

1    actual injury traceable to the defendant and likely to be redressed by a favorable judicial

2    decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

3        Once a "convict's sentence has expired . . . some concrete and continuing injury other

4    than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—

5    must exist if the [habeas] suit is to be maintained." Spencer, 523 U.S. at 7. Although courts

6    "have been willing to presume that a wrongful criminal conviction has continuing collateral

7    consequences," id. at 8, the Ninth Circuit has "decline[d] to apply the presumption of collateral

8    consequences to prison disciplinary proceedings," Wilson v. Terhune, 319 F.3d 477, 481 (9th

9    Cir. 2003).

10       In his response, Petitioner argues that his petition is not moot because he is pursuing a

11   civil action and "[i]n order to cross the Heck doctrine barrier, Petitioner need[s] favorable

12   termination on his habeas petition." (ECF No. 34 at 1, 2.) The Court finds Nonnette v. Small,

13   316 F.3d 872 (9th Cir. 2002), instructive. In Nonnette, a prisoner brought a § 1983 action

14   challenging a disciplinary proceeding that resulted in administrative segregation and revocation

15   of good-time credits. The district court found that based on Heck v. Humphrey, 512 U.S. 477

16   (1994), the prisoner could not maintain his § 1983 action because his claims necessarily

17   challenged the validity of the disciplinary proceeding, which had not been overturned. Nonnette,

18   316 F.3d at 874. While his appeal was pending, the prisoner was released from incarceration and

19   placed on parole. Given that no collateral consequences attended the prisoner's revocation of

20   credits, the Ninth Circuit held that if the prisoner "now filed a petition for habeas corpus

21   attacking the revocation of his good-time credits and the imposition of administrative segregation

22   . . . , his petition would have to be dismissed for lack of a case or controversy because he has

23   fully served the period of incarceration that he is attacking," and thus "conclude[d] that Heck

24   does not preclude Nonnette's § 1983 action." Nonnette, 316 F.3d at 876, 877.

25       Here, the petition presents no case or controversy and is now moot because Petitioner has

26   been released from BOP custody, has fully served the period of incarceration that he is attacking,

27   and has not established collateral consequences attended his prison disciplinary proceedings.

28   Accordingly, the undersigned recommends that the petition be dismissed as moot.

**B.  Motion to Convert**

On March 2, 2023, Petitioner filed a motion to supplement his response to the order to show cause. (ECF No. 36.) Therein, Petitioner requests that the Court convert the habeas petition to a civil rights action if appropriate but is unsure whether this Court would have jurisdiction over the matter and whether venue is proper in the Eastern District of California. (Id. at 1.) The Court construes the motion to supplement as a motion to convert. See Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and motions liberally).

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). See 829 F. App'x 192, 194 (9th Cir. 2020) (applying Nettles to determine whether district court should have converted § 2241 petition to a Bivens civil rights complaint).

The Court notes that habeas corpus and civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388). Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint. The incidents at issue in the petition occurred at the Great Plains Correctional Facility, which is not located within this district and thus, venue is not proper. Additionally, the petition names the Warden of FCI Mendota as Respondent and thus, does not name the correct defendant. See Fiorito, 829 F. App'x at 194 (holding that failure to name proper defendants and filing in the wrong venue are "valid and reasonable bases" for a district court to decline

converting § 2241 petition to <u>Bivens</u> complaint). This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action.[3]

**C.  Motion for Reconsideration and Motion to Supplement**

After the Court vacated the findings and recommendation, Petitioner moved to compel discovery. (ECF Nos. 15, 17.) The undersigned denied Petitioner's discovery requests. (ECF No. 21.) Petitioner then moved for reconsideration and filed a motion to supplement his motion for reconsideration. (ECF Nos. 22, 29.) Given the recommendation that the petition be dismissed as moot in section II(A), *supra*, the undersigned recommends that Petitioner's motion for reconsideration and motion to supplement be denied as moot.

**D.  Motion for ECF Account and Motion to Stay**

Petitioner has filed a motion for an ECF account because he will need an electronic filing account "after his deportation to India to proceed on this case pro se." (ECF No. 24.) However, in light of the recommendation that the petition be dismissed as moot, the Court finds that the motion should be denied.

After Petitioner moved for reconsideration of the undersigned's denial of Petitioner's discovery requests, the Court ordered Respondent to file a response to the motion for reconsideration. (ECF No. 23.) The Court subsequently stayed its order for a response to Petitioner's motion for reconsideration until April 18, 2023. (ECF No. 32.) Respondent moved for a further stay. (ECF No. 37.) Given the recommendations that the petition and motion for reconsideration be dismissed as moot, the Court will vacate the order for Respondent to file a response to the motion for reconsideration and deny Respondent's motion to stay as moot.

**III.**

**RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1.  The petition for writ of habeas corpus be DISMISSED as MOOT;

2.  Respondent's motion to dismiss (ECF No. 11) be DENIED as MOOT;

---

[3] The Court expresses no opinion as to the merits of Petitioner's claims or whether a <u>Bivens</u> action is appropriate. The Court notes that it appears that Petitioner is pursuing a civil action in Oklahoma state court. (ECF No. 34.)

3.  Petitioner's motion for reconsideration (ECF No. 22) be DENIED as MOOT;

4.  Petitioner's motion to supplement (ECF No. 29) be DENIED as MOOT; and

5.  Petitioner's motion to covert (ECF No. 36) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

## IV.

## ORDER

Further, IT IS HEREBY ORDERED that:

1.  Petitioner's motion for ECF account (ECF No. 24) is DENIED;

2.  The Court's order directing Respondent to file a response to the motion for reconsideration (ECF No. 23) is VACATED; and

3.  Respondent's motion to stay (ECF No. 37) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **April 25, 2023**                    /s/ Erica P. Grosjean

                                          UNITED STATES MAGISTRATE JUDGE